# EXHIBIT "A"



*S172376*

| | |
|---|---|
| **Entity Name:** | **INTER-CON SECURITY SYSTEMS, INC.** |
| **Jurisdiction:** | CA |
| **Date:** | 3/26/2026 |
| **Receipt Method:** | Process Server |
| **Case Number:** | 26STCV08826 |
| **Plaintiff:** | JEHAN SEMPER |
| **Defendant:** | HILTON WORLDWIDE HOLDINGS INC. D/B/A CONRAD LOS ANGELES AND CONRAD HOTELS & RESORTS; ET AL. |
| **Document Type:** | Summons |

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* Hilton Worldwide Holdings Inc. d/b/a Conrad Los Angeles and Conrad Hotels & Resorts; The Related Companies Of California, LLC; Core (USA) Grand Avenue LLC; Core/Related Grand Ave Owner, LLC; Brian O'Connor; Allied Universal Security Services Universal Protection Service LPP; Inter-Con Security Systems, Inc.; Gardaworld Security Services Management Company, Inc.; Gardaworld Security Services Of California, Inc.; John Does 1–100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JEHAN SEMPER

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/20/2026 11:29 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Bolden, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: **Superior Court, Stanley Mosk**
*(El nombre y dirección de la corte es):* **111 N Hill St Los Angeles, CA 90012**

CASE NUMBER:
*(Número del Caso):*
**26STCV08826**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JEHAN SEMPER. PO BOX 86514 LOS ANGELES, CA 90086 JEHAN.SEMPER@GMAIL.COM 929.266.5764

DATE: 03/20/2026              Clerk, by _____ S. Bolden _____, Deputy
*(Fecha)*    David W. Slayton, Executive Officer/Clerk of Court    *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Jehan Semper
PO Box 86514 Los Angeles, CA 90086
jehan.semper@gmail.com
929.266.5764

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/18/2026 1:59 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Tarasyuk, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

Jehan Semper,
Plaintiff

v.

Hilton Worldwide Holdings Inc. d/b/a Conrad Los Angeles and Conrad Hotels & Resorts; The Related Companies Of California, LLC; Core (USA) Grand Avenue LLC; Core/Related Grand Ave Owner, LLC; Brian O'Connor, an individual; Allied Universal Security Services Universal Protection Service LPP; Inter-Con Security Systems, Inc.; Gardaworld Security Services Management Company, Inc.; Gardaworld Security Services Of California, Inc.; John Does 1–100,
Defendants

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

Case 26STCV08826

CLAIMS FOR RELIEF
1. Violation of Civil Rights 42 U.S.C. §1981
2. Civil Rights Conspiracy 42 U.S.C. §1985
3. Failure to Prevent Civil Rights Violations 42 U.S.C. §1986
4. Disability Discrimination, Americans with Disabilities Act
5. California Bane Act Civil Code §52.1
6. Ralph Civil Rights Act Civil Code §51.7
7. Negligent Infliction of Emotional Distress
8. Intentional Infliction of Emotional Distress
9. Assault
10. Verbal Assault
11. Harassment
12. Negligent Hiring, Training, and Supervision

*Semper v Hilton Worldwide Holdings Inc., et al*
**COMPLAINT**

1 of 17

## A.    JURISDICTION

This Court has jurisdiction over this action pursuant to Article VI of the California Constitution and California Code of Civil Procedure §410.10. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

## B.    VENUE

Venue is proper in Los Angeles County pursuant to California Code of Civil Procedure §395 because the events giving rise to this action occurred within Los Angeles County, California.

## C.    PARTIES

## 1.    Plaintiff

**Plaintiff Jehan Semper** resides in Los Angeles County, California. Plaintiff is over fifty years old. At the time of the incident(s) complained of within this Complaint, Plaintiff suffered from physical injuries and/or ailments which required the use of a walker/wheelchair aka rollator mobility device. Plaintiff is physically female and perceives and presents herself as male and/or androgynous and self identifies as transgender.

## 2.    Defendants

## (a)    Business Entities

Upon information and belief these business entities are responsible for the ownership, leasing, operation and management, the hiring, supervision and management of employees working within the indoor and outdoor premises of

*Semper v Hilton Worldwide Holdings Inc., et al*
**COMPLAINT**

2 of 17

the 100 S Grand Ave location, including Defendant Brian O'Connor, and all aspects of the incident location on the date the incident occurred with specific responsibilities and liability ascertainable solely by way of discovery:

1.   **Defendant(s) Hilton Worldwide Holdings Inc.**, parent company of Hilton hotel brands, d/b/a Conrad Los Angeles and Conrad Hotels & Resorts operates the 100 S Grand complex aka The Grand LA and other Hilton hotel businesses. Principal place of business is 7930 Jones Branch Drive McLean, Virginia 22102. Registered agent is CSC 251 Little Falls Drive, Wilmington, DE 19808.

2.   **Defendant(s) The Related Companies Of California, LLC** developed, operates and manages the 100 S Grand complex. Registered Agent is CSC 2710 Gateway Oaks Drive, Sacramento, CA 95833.

3.   **Defendant(s) CORE (USA) Grand Avenue LLC** developed, operates and manages the 100 S Grand complex. Registered Agent is CSC 2170 Gateway Oaks Dr., Suite 150N Sacramento, CA 95833.

4.   **Defendant(s) CORE/RELATED Grand Ave Owner, LLC** developed, operates and manages the 100 S Grand complex. Registered Agent is CSC 2170 Gateway Oaks Dr., Suite 150N Sacramento, CA 95833.

**(b)  Employees, Contractors, Other**

1.   **Defendant Brian O'Connor** is an individual, identified himself as a security manager working for the Conrad Los

*Semper v Hilton Worldwide Holdings Inc., et al*
**COMPLAINT**

Angeles at the 100 S Grand complex, his role as an "External Security" employee and/or contractor was confirmed when Plaintiff received the information necessary to communicate multiple written complaints to relevant managers at the 100 S Grand complex (EL 1, et seq). Place of employment is Conrad Los Angeles 100 S Grand Ave Los Angeles CA 90071.

**(c)   Other Business Entities**

Upon information and belief, these business entities provide security staffing for the 100 S Grand complex on the date the incident occurred.

1.    **Defendant(s)   Allied   Universal   Security   Services   Universal Protection Service LPP** provides security personnel. Registered Agent is Zardale Ward 113 SUNRIDGE ST PLAYA DEL RAY, CA  90293.

2.    **Defendant(s) Inter-Con Security Systems, Inc.** provides security personnel. Registered Agent is PARACORP INCORPORATED CA 2804 Gateway Oaks Dr Sacramento, CA 95833.

3.    **Defendant(s)  Gardaworld  Security  Services  Management Company, Inc. and Gardaworld Security Services Of California, Inc.** provides security personnel. Registered Agent is CT Corporation System 330 N Brand Blvd., Suite 700 Glendale, CA 91203.

**(d)   John Does**

1.    **Defendant(s)  DOES  1-100** are individuals or entities whose identities are unknown, determinable solely by way of discovery.

*Semper v Hilton Worldwide Holdings Inc., et al*
**COMPLAINT**

## D.   ALLEGATIONS

### 1.   EVENTS

(a)   On March 7, 2025, at approximately 4:00 PM, Plaintiff was standing as near to the road as possible on South Grand Avenue between West 1st Street and West 2nd Street referred to herein as "the location".

(b)   Plaintiff was quietly resting and performing verbal meditation due to physical pain and disability.

(c)   Upon information and belief, "the location", the space nearest the road on South Grand Ave, is a publicly accessible area which is merely adjacent to the Conrad Los Angeles property.

(d)   An individual approached Plaintiff and identified himself as Brian O'Connor, a security manager.

(e)   O'Connor began verbally harassing Plaintiff without provocation.

(f)   O'Connor called Plaintiff a "fucking weirdo."

(g)   O'Connor stated he wanted to "beat the fuck" out of Plaintiff.

(h)   O'Connor described stomping Plaintiff's face into the ground.

(i)   O'Connor stated he was "being paid" to make Plaintiff "shut the fuck up."

(j)   O'Connor asked Plaintiff how many times Plaintiff had been raped, specifically mentioned Plaintiffs deceased mother who was a fluent Spanish speaker, criticized Plaintiff's

*Semper v Hilton Worldwide Holdings Inc., et al*
**COMPLAINT**

fluency in Spanish and spoke to Plaintiff rapidly with Spanish vocabulary and vernacular other than that spoken within her childhood. Plaintiff perceived defendant O'Connor's words as deeply disturbing because Defendant O'Connor mentioned all of the factors of Plaintiff's childhood trauma simultaneously. Merely mentioning the topics of Plaintiff's mother, rape and Spanish fluency at the same time was beyond the scope of "coincidence". The fact that Plaintiff had been raped, that she had been raped by Spanish speakers, that her mother was involved in the rape incidents, that her mother spoke fluent Spanish, that Plaintiff's Spanish fluency is affected by trauma is NOT something a stranger could guess by merely looking at Plaintiff as she stood near the road at the incident location.

(k)  Plaintiff questioned Defendant O'Connor as to if he knew Plaintiffs mother and thus the perpetrators of the childhood rapes, but Defendant O'Connor did not answer the question.

(l)  O'Connor made sexually explicit insults toward Plaintiff including, but not limited to, contradicting Plaintiff's declaration of identifying as male by saying he would not accept that because he could "smell [Plaintiff's] [vagina] from [where he was standing]".

(m)  O'Connor stated he was standing beneath a tree to avoid security cameras.

(n)  O'Connor stated police would not believe Plaintiff because Plaintiff was a "homeless nobody."

*Semper v Hilton Worldwide Holdings Inc., et al*
**COMPLAINT**

(o)  O'Connor said he was certain I would not file any complaint and, if I did, there would be no consequences for him because his manager, later identified as "Arroyo", would ignore my complaint.

(p)  The harassment continued for approximately one hour.

(q)  Defendant O'Connor uttered these disturbing words within approximately 48 hours of a 3/5/2025 arson incident wherein a perpetrator set Plaintiff's tent on fire while she was inside.

(r)  Plaintiff perceived Defendant O'Connor's willingness to reveal his true name in the midst of the incident-which lead Plaintiff directly to him when she called The Conrad and The Grand LA to ascertain the correct contact information for filing a complaint against him with a responsible manager-as deeply disturbing and clear confirmation that Defendant O'Connor did not fear consequences whatsoever.

(s)  Plaintiff feared imminent physical harm.

(t)  Plaintiff experienced emotional distress and physical distress.

(u)  Plaintiff expeditiously communicated written complaint(s) to Conrad Los Angeles management (EL 1, et seq) and reported the incident to LAPD (EL 2, et seq).

2.    CORPORATE POLICY AND PRACTICE

(a)  Defendants maintained policies governing the conduct of security personnel.

(b)  Upon information and belief, these policies were

*Semper v Hilton Worldwide Holdings Inc., et al*
**COMPLAINT**

implemented through corporate management and security contractors.

(c) Upon information and belief, security personnel were encouraged to remove or intimidate individuals perceived as undesirable, irrespective of the person being located within or beyond the boundaries of the property line.

(d) Such individuals included persons perceived to be homeless or vulnerable.

(e) Defendants failed to provide adequate civil-rights training to security personnel.

(f) Defendants failed to implement effective supervision.

(g) Defendants failed to discipline personnel who engaged in harassment.

(h) The conduct of O'Connor was consistent with these policies.

(i) These policies created a foreseeable risk of civil-rights violations.

(j) Defendants acted with deliberate indifference to the rights of members of the public.

**3.   CORPORATE KNOWLEDGE AND RATIFICATION**

(a) Defendants knew or should have known that security personnel could engage in abusive conduct.

(b) Defendants were responsible for training and supervising security personnel.

(c) Defendants knew that inadequate training would create a risk of harassment.

*Semper v Hilton Worldwide Holdings Inc., et al*
**COMPLAINT**                                              8 of 17

(d)  Defendants failed to implement adequate training programs.

(e)  Defendants failed to adequately supervise security personnel.

(f)  Defendants failed to discipline personnel who engaged in misconduct.

(g)  Defendants failed to investigate complaints of harassment.

(h)  Defendants failed to implement corrective measures.

(i)  These failures constituted deliberate indifference to civil rights.

(j)  Defendants ratified the conduct of O'Connor by failing to take corrective action.

(k)  Such ratification encouraged similar conduct by security personnel.

(l)  Defendants are therefore responsible for the injuries suffered by Plaintiff.

4.    **PATTERN AND PRACTICE**

(a)  Defendants maintained a pattern or practice of permitting aggressive conduct by security personnel.

(b)  Such conduct included harassment and intimidation of members of the public.

(c)  Individuals perceived as vulnerable were particularly targeted.

(d)  Defendants failed to adopt policies preventing such conduct.

*Semper v Hilton Worldwide Holdings Inc., et al*
**COMPLAINT**

(e) Defendants failed to enforce existing policies protecting civil rights.

(f) The conduct described in this complaint reflects systemic failures in training and supervision.

(g) These failures created an environment in which civil-rights violations were likely to occur.

5. **SPOLIATION AND EVIDENCE DESTRUCTION**

(a) Plaintiff is informed and believes, and thereon alleges, that defendants control security camera footage, body camera recordings, and related security monitoring data at or near the Conrad Los Angeles property, including footage from March 7, 2025.

(b) Defendants are under a duty to preserve evidence relevant to Plaintiff's claims, including all video, audio, and digital recordings, logs, and incident reports.

(c) Plaintiff has formally complained to defendants of the incident, thus communicating preservation of this evidence is required (EL 1, et seq).

(d) Plaintiff is informed and believes, and thereon alleges, that defendants may have incentives to delete, alter, or fail to preserve recordings to avoid liability.

(e) Plaintiff alleges that any destruction, alteration, or failure to preserve evidence will constitute spoliation, for which defendants should be held jointly and severally liable.

(f) Plaintiff requests that this Court issue an immediate order preserving all security footage, bodycam recordings,

*Semper v Hilton Worldwide Holdings Inc., et al*
**COMPLAINT**

and any other related evidence.

(g)  Plaintiff requests that the Court impose sanctions, adverse inference instructions, and any other remedies necessary to protect against the destruction or alteration of evidence.

(h)  Plaintiff further alleges that the evidence is unique, not otherwise obtainable, and critical to proving defendants' liability.

## 6.    JOINT ENTERPRISE AND ALTER-EGO LIABILITY

(a)  Plaintiff is informed and believes, and thereon alleges, that Hilton Worldwide Holdings Inc., Hilton Worldwide, Inc., Conrad Hotels & Resorts, Conrad Los Angeles, Related Companies, Grand Avenue L.A., LLC, CORE (USA) Grand Avenue LLC, and CORE/Related Grand Ave Owner, LLC operate in joint enterprise and coordinated management regarding the development, operation, security, and maintenance of the Grand Avenue complex and Conrad Los Angeles.

(b)  Plaintiff is informed and believes that these entities share financial interest, decision-making authority, and operational control over the property and security arrangements.

(c)  The corporate defendants commingle resources, coordinate policies, and ratify actions of each other, including hiring and supervising security personnel.

(d)  Plaintiff alleges that Hilton and the property developers are alter egos, and that holding one entity liable

*Semper v Hilton Worldwide Holdings Inc., et al*
**COMPLAINT**

without the other would promote injustice and permit evasion of liability.

(e)   The conduct of one entity cannot be separated from the actions or omissions of the others, as each entity acts as agent for the others in matters related to property security, policy enforcement, and personnel management.

(f)   Defendants' joint enterprise and alter-ego status renders all entities jointly and severally liable for the acts and omissions of each other, including the threats, harassment, and civil-rights violations described herein.

(g)   Plaintiff alleges that any attempt by defendants to shift blame or disclaim responsibility among themselves is without merit and constitutes a legal fiction designed to evade liability.

(h)   Plaintiff requests that the Court pierce any corporate veils necessary to hold all corporate entities fully accountable for the harms suffered.

**E.    CLAIMS FOR RELIEF**

**1.    Violation of Civil Rights 42 U.S.C. §1981**

(a)   Defendants interfered with Plaintiff's right to equal enjoyment of commercial establishments. Defendants' actions caused damages to Plaintiff.

**2.    Civil Rights Conspiracy 42 U.S.C. §1985**

(a)   Defendants conspired to intimidate Plaintiff.

*Semper v Hilton Worldwide Holdings Inc., et al*
**COMPLAINT**                                                    12 of 17

3.    **Failure to Prevent Civil Rights Violations 42 U.S.C. §1986**

(a)    Defendants failed to prevent the conspiracy.

4.    **Disability Discrimination, Americans with Disabilities Act**

(a)    Plaintiff has a mobility disability requiring assistive equipment. Defendants interfered with Plaintiff's ability to safely occupy a public area.

5.    **California Bane Act Civil Code §52.1**

(a)    Defendants interfered with Plaintiff's rights through threats and intimidation.

6.    **Ralph Civil Rights Act Civil Code §51.7**

(a)    O'Connor threatened violence against Plaintiff.

7.    **Negligent Infliction of Emotional Distress**

(a)    Defendant(s) failed to properly train and supervise security personnel.

8.    **Intentional Infliction of Emotional Distress**

(a)    Defendants' conduct was extreme and outrageous. Defendant O'Connor made disturbing statements comprised of personal details of Plaintiff's life and childhood trauma so severe there is much of Plaintiffs childhood memories which are inaccessible to her. Defendant O'Connor spoke of personal details which are TRUE but:

1.    **NOT generally known; and**

2.    **to which Plaintiff has never publicly testified; and**

3.    **to which, upon information and belief, Plaintiff's**

*Semper v Hilton Worldwide Holdings Inc., et al*
**COMPLAINT**

mother did not confess before death in 1992 which is likely before Defendant O'Connor was born; and

4.    the personal information could NOT be known to Defendant O'Connor by merely gazing upon Plaintiff as she stood near the road at the incident location.

(b)    Within Plaintiff's experience as a human on earth, the only entities with the ability to procure such unspoken information are [1] monastics, ascetics and mystical "seers" who are believed to have access to the Akashic Record—the massive cosmic, spiritual PACER of collective, shared sentient being experiences; politicians; warlords; governmental entities; and big law firms. Thus, it is not known how Defendant O'Connor, a self described security manager at the Conrad Los Angeles, learned of those specific personal details about Plaintiff's life and childhood, but based purely on Defendant O'Connor's disturbing tirade, Plaintiff is thoroughly persuaded, and thus it is Plaintiff's belief and thus she asserts:

1.    Defendant O'Connor spoke truthfully when he said he was "being paid" to make Plaintiff "shut the fuck up"; and

2.    Defendant O'Connor was provided with personal, upsetting and vastly unknown information about Plaintiff's childhood trauma to disturb her at the deepest level with the goal of intimidating Plaintiff; and

3.    the deeply disturbing personal information about Plaintiff's childhood trauma was provided by those who paid

him to invest effort in making Plaintiff "shut the fuck up".

(c) "[S]hut the fuck up" about what though? The only discernible contention in Plaintiffs life at the time of the incident involving Defendant O"Connor is the near fatal 12/1/2024 sickening at Whole Foods 788 S Grand Ave-a straight line and a mere few roads from where Plaintiff stood as Defendant O'Connor verbally attacked Plaintiff with graphic threats of lethal harm and reminders of near fatal childhood trauma-and the Whole Foods entity, which is ultimately Amzaon.com, can be reasonably construed to be an entity who possesses the resources, access and influence to procure the personal details and information about Plaintiff's childhood trauma by way of a big law firm.

(d) Plaintiff is further persuaded that Defendant O'Connor was "being paid" to make Plaintiff "shut the fuck up" by Whole Foods because there were multiple incidents including, but not limited to, harassment, threats, vandalism, property damage and arson in the days and weeks before the incident with Defendant O'Connor and these incidents largely occurred AFTER Plaintiff refused a nominal settlement offer and ceased communicating with Whole Foods representatives Rygiel and Hanetho, the 3/5/2025 arson occurring within 48 hours BEFORE the incident with Defendant O'Connor.

9.    Assault

(a) O'Connor intentionally caused Plaintiff to fear imminent harm.

*Semper v Hilton Worldwide Holdings Inc., et al*
**COMPLAINT**

15 of 17

**10.   Verbal Assault**

(a)   O'Connor intentionally, willfully and with malice aforethought and macabre preparation, spoke words designed to psychologically disturb Plaintiff and cause Plaintiff to fear imminent harm.

**11.   Harassment**

(a)   O'Connor intentionally, willfully and with malice aforethought and macabre preparation, spoke words designed to psychologically disturb Plaintiff and cause Plaintiff to fear imminent harm.

**12.   Negligent Hiring, Training, and Supervision**

(a)   Defendant(s) failed to properly train amd supervise security personnel.

**F.   DAMAGES**

1.   Plaintiff seeks compensatory damages and emotional distress damages in the amount of $22,100,000; punitive damages in an amount to be determined by the court; statutory damages as permitted by law; and attorney's fees and costs, costs of suit.

**G.   PRAYER FOR RELIEF**

Plaintiff prays the court ORDER:

1.   judgment against defendants jointly and severally; and

2.   compensatory damages in the amount of $22,100,000; and

3.   punitive damages in an amount to be determined by the court; and

4.   injunctive relief; and

*Semper v Hilton Worldwide Holdings Inc., et al*
**COMPLAINT**                                                    16 of 17

5.    declaratory relief; and

6.    attorney's fees and costs, costs of suit; and

7.    additional relief the Court deems just and proper to the sole benefit of Plaintiff.

PLAINTIFF ELECTS TRIAL BY JUDGE.

*/s/ Jehan Semper*
Plaintiff Pro Se
3/15/2026

**EXHIBIT LIST**
*See (Exh 1) filed in tandem.*

1.    (Exh 1, Complaint(s) Communicated to Defendant(s))
    1.1.    3/7/2025 Incident, Defendant Brian O'Connor
        3/8/2025 Semper Complaint to Conrad Los Angeles Manager, External Security, pg(s) 5
        3/8/2025 Semper Complaint to Conrad Los Angeles General Manager, pg(s) 6

2.    (TBD) Police reports and numbers; incident reports and numbers; Plaintiff testimony to be produced directly from the source of information by way of discovery.

3.    (TBD) Camera footage; security camera footage; and additional incident logs and reports to be produced directly from the source of information by way of discovery.

4.    (TBD) All relevant historical reports and communication between and about Plaintiff and Defendants to be produced directly from the source of information by way of discovery.

# IFP
# UNLIMITED CIVIL

## Semper v Hilton Worldwide Holdings Inc., et al

## EXH 1

**3/8/2025 Semper Complaint to Conrad Los Angeles Manager, External Security, pg(s) 5**

**3/8/2025 Semper Complaint to Conrad Los Angeles General Manager, pg(s) 6**

Jehan Semper
PO Box 86514
Los Angeles CA 90086

0011200256000011

Manager, External Security
Conrad Los Angeles
100 S Grand Ave
Los Angeles CA 90012
USA

Jehan Semper
PO Box 86514
Los Angeles, CA 90086
jehan.semper@gmail.com
929.266.5764

3/8/2025

page 1 of 4

Manager, External Security
Conrad Los Angeles
100 S Grand Ave
Los Angeles, CA 90012

**Complaint Against Security Employee**

I am Jehan Semper. This complaint is directed to the most senior manager of external security at Conrad Los Angeles.

On/about 3/8/2025, at approximately 7am, I called 2137660000 and spoke with "Andy" who communicated Alex Arroyo as the most senior manager. I also spoke with someone who identified himself as "Brian", who would not provide his last name when asked. Brian also identified Arroyo as the most senior manager. A copy of this complaint will also be communicated by USPS mail.

**SUMMARY**

I am writing to file a written complaint about someone who identified himself as "Brian O'Connor", a security "manager" at the Conrad Los Angeles. On/about 3/7/2025, approximately 4pm, O'Connor threatened me with physical violence, saying that he wanted to "beat the fuck" out of me because he perceived me as "weird" and he would "beat the fuck" out of me if I were a guy. O'Connor uttered those threatening words as I stood quietly meditating near the side of the road on S Grand Ave, near the fire hydrant and the security camera near the stepped garden, 50 to 100 feet from the intersection of S Grand Ave/W 1st St. O'Connor's verbal assault was completely unprovoked, occurred as near to the road as possible, where the public is welcome to walk, stand.

**DETAIL**

On/about 3/7/2025, approximately 4pm, someone who identified himself as Brian O'Connor--male, 20s, Latino, approx 5' 9", medium build, black pants, shoes, coat, shirt with 2 buttons, dark blue crew neck shirt beneath, 2 gold chains, short black mullet hair styled with gel, looked wet, microphone and/or camera pinned to black shirt, 1 black ear piece--accosted me while I was standing near the road on S

Jehan Semper / Complaint Against Security Employee          1 of 4

Grand Ave between W 1st St and W 2nd St, telling me that I was "a fucking weirdo" and he wanted to "beat the fuck" out of me, stomp on my face with the heel of his foot and put me face down on the ground and he would actually do it if I was a guy, that he was being paid to say these things to me and that he knows I won't do anything about it, that it was his task to get me to "shut the fuck up".

At the time, I was standing near the road working on a verbal meditation, I tried ignoring him but he would not stop aggressing, so I focused my attention on memorizing his face.

His verbal assault was prolonged, I think it persisted for an hour, and the verbal assault was unprovoked. I had not spoken to him, at all.

When I asked him why he was talking about hurting me, he said it's because he perceived me as "weird".

He also asked me how many times I have been raped, said he could smell my "pussy" from where he was standing.

He said something about  my mother, saying that he knew my mother, that my mother was "right there with [him]". My mother is dead, so that was weird. And, in my childhood, I was raped by men my mother knew, so when he spoke of my mother AND asked me how many times I was raped, that was strange and disturbing.

He said a lot of strange things that were non sequitur and his vitriol was punctuated with exaggerated, fake laughter.

I told him that I would not be intimidated, that I would swear out the charges, if I am harmed, I will swear it out and he behaved as though he was angered by my words, stepping and leaning toward me, his hands fidgeting as though he wanted to hit me.

I told him that based on his behaviour and body language, I believe he is an unrealized sex offender, a violent criminal, that only sick people are given the task of getting people like me to "shut the fuck up",  that he was likely to commit a felony, that I would not run from his threats, that I will swear out what I witness and do everything I can do to make certain he is prosecuted for any crime he commits against me.

Jehan Semper / Complaint Against Security Employee          2 of 4

He said that the police won't believe me because I'm a homeless "nobody", that he was deliberately standing beneath the tree because he did not want the camera to see his face.

I was standing there for a such a long time, I had to sit down in walker/wheelchair to catch my breath. I sat quietly, breathing deeply to manage my back pain. He said that he had accomplished his goal in getting me to "shut the fuck up", that he was going to have lunch and that he was certain that when he returned I would not be there, and then he walked away toward W 1st St.

I am 50+ years old, religious, injured and infirmed. I have a walker/wheelchair and often walk along the S Grand Ave corridor to complete my daily tasks. I often need to rest along the way and it is my practice to stand and/or sit in my walker/wheelchair as near to the road as possible to  pray, meditate and rest until I am able to continue walking. I should not have been subjected to the verbal abuse O'Connor inflicted upon me while quietly meditating as I caught my breath.

I am concerned that someone who described himself as a security "manager" at Conrad Los Angeles verbally abused me in that manner, speaking of inflicting physical harm on me with such graphic detail while describing himself as the perpetrator. My education and religious teachings tell me that people who speak of causing harm, while speaking in the first person--as though they are the perpetrator of the harm-- eventually cause the harm of which they speak unless they are definitively deterred. The fact that O'Connor specifically said he was speaking to me while standing beneath the tree to prevent the security camera from seeing his face is beyond disturbing. And, it is my belief that the only reason O'Connor failed to carry out his threats to "beat the fuck" out of me is because I was standing in front of the security camera.

**WHAT I WOULD LIKE YOU TO DO**
I would like you to review the security footage, O'Connor's body cam and/or microphone recordings and perform an investigation of what occurred and prevent recurrence. I am concerned that if you do not immediately discipline and deter O'Connor, there could be serious injury or loss of life to me and others.

I have no desire to receive any communication on this matter whatsoever, nor am interested in the outcome of any investigation or discipline.

Jehan Semper / Complaint Against Security Employee          3 of 4

I am Jewish. I have a religious obligation to report the incident to those who can prevent harm. That is the sole purpose of this complaint.


I told you.

לח

/s/ Jehan Semper

Jehan Semper
PO Box 86514
Los Angeles CA 90086



**USPS CERTIFIED MAIL**

9207 1901 4298 0414 9507 40

0011202531000011
General Manager
Conrad Los Angeles
100 S Grand Ave
Los Angeles CA 90012
USA

Jehan Semper
PO Box 86514
Los Angeles, CA 90086
jehan.semper@gmail.com
929.266.5764

3/8/2025

page 1 of 1

General Manager
Conrad Los Angeles
100 S Grand Ave
Los Angeles, CA 90012

**Complaint Against Security Employee**

I am Jehan Semper.

I am writing to you because I received the title "General Manager" as the most senior manager at Conrad Los Angeles.

Within this communication, I have included my complaint against an employee who identified himself as "Brian O'Connor", which I mailed and emailed to the manager/director of external security at Conrad Los Angeles, whose name was communicated as Alex Arroyo.

I have communicated a copy of this complaint directly to you because O'Connor told me he was certain any reports or complaints I made about him would be ignored and thus there would be no repercussions for his actions. I do not know what circumstances of environment emboldened O'Connor to speak those words, but if O'Connor believes Arroyo will ignore the complaint, I would like to make certain you know the details of the complaint and thus the matter receives an adequate response which prevents recurrence.

/s/ Jehan Semper

Encl
        3/8/2025 Complaint Against Security Employee

Jehan Semper / Complaint Against Security Employee           1 of 1
            Cc: General Manager

Jehan Semper
PO Box 86514
Los Angeles, CA 90086
jehan.semper@gmail.com
929.266.5764

3/8/2025

page 1 of 4

Manager, External Security
Conrad Los Angeles
100 S Grand Ave
Los Angeles, CA 90012

**Complaint Against Security Employee**

I am Jehan Semper. This complaint is directed to the most senior manager of external security at Conrad Los Angeles.

On/about 3/8/2025, at approximately 7am, I called 2137660000 and spoke with "Andy" who communicated Alex Arroyo as the most senior manager. I also spoke with someone who identified himself as "Brian", who would not provide his last name when asked. Brian also identified Arroyo as the most senior manager. A copy of this complaint will also be communicated by USPS mail.

**SUMMARY**

I am writing to file a written complaint about someone who identified himself as "Brian O'Connor", a security "manager" at the Conrad Los Angeles. On/about 3/7/2025, approximately 4pm, O'Connor threatened me with physical violence, saying that he wanted to "beat the fuck" out of me because he perceived me as "weird" and he would "beat the fuck" out of me if I were a guy. O'Connor uttered those threatening words as I stood quietly meditating near the side of the road on S Grand Ave, near the fire hydrant and the security camera near the stepped garden, 50 to 100 feet from the intersection of S Grand Ave/W 1st St. O'Connor's verbal assault was completely unprovoked, occurred as near to the road as possible, where the public is welcome to walk, stand.

**DETAIL**

On/about 3/7/2025, approximately 4pm, someone who identified himself as Brian O'Connor--male, 20s, Latino, approx 5' 9", medium build, black pants, shoes, coat, shirt with 2 buttons, dark blue crew neck shirt beneath, 2 gold chains, short black mullet hair styled with gel, looked wet, microphone and/or camera pinned to black shirt, 1 black ear piece--accosted me while I was standing near the road on S

Jehan Semper / Complaint Against Security Employee          1 of 4

Grand Ave between W 1st St and W 2nd St, telling me that I was "a fucking weirdo" and he wanted to "beat the fuck" out of me, stomp on my face with the heel of his foot and put me face down on the ground and he would actually do it if I was a guy, that he was being paid to say these things to me and that he knows I won't do anything about it, that it was his task to get me to "shut the fuck up".

At the time, I was standing near the road working on a verbal meditation, I tried ignoring him but he would not stop aggressing, so I focused my attention on memorizing his face.

His verbal assault was prolonged, I think it persisted for an hour, and the verbal assault was unprovoked. I had not spoken to him, at all.

When I asked him why he was talking about hurting me, he said it's because he perceived me as "weird".

He also asked me how many times I have been raped, said he could smell my "pussy" from where he was standing.

He said something about  my mother, saying that he knew my mother, that my mother was "right there with [him]". My mother is dead, so that was weird. And, in my childhood, I was raped by men my mother knew, so when he spoke of my mother AND asked me how many times I was raped, that was strange and disturbing.

He said a lot of strange things that were non sequitur and his vitriol was punctuated with exaggerated, fake laughter.

I told him that I would not be intimidated, that I would swear out the charges, if I am harmed, I will swear it out and he behaved as though he was angered by my words, stepping and leaning toward me, his hands fidgeting as though he wanted to hit me.

I told him that based on his behaviour and body language, I believe he is an unrealized sex offender, a violent criminal, that only sick people are given the task of getting people like me to "shut the fuck up",  that he was likely to commit a felony, that I would not run from his threats, that I will swear out what I witness and do everything I can do to make certain he is prosecuted for any crime he commits against me.

Jehan Semper / Complaint Against Security Employee          2 of 4

He said that the police won't believe me because I'm a homeless "nobody", that he was deliberately standing beneath the tree because he did not want the camera to see his face.

I was standing there for a such a long time, I had to sit down in walker/wheelchair to catch my breath. I sat quietly, breathing deeply to manage my back pain. He said that he had accomplished his goal in getting me to "shut the fuck up", that he was going to have lunch and that he was certain that when he returned I would not be there, and then he walked away toward W 1st St.

I am 50+ years old, religious, injured and infirmed. I have a walker/wheelchair and often walk along the S Grand Ave corridor to complete my daily tasks. I often need to rest along the way and it is my practice to stand and/or sit in my walker/wheelchair as near to the road as possible to  pray, meditate and rest until I am able to continue walking. I should not have been subjected to the verbal abuse O'Connor inflicted upon me while quietly meditating as I caught my breath.

I am concerned that someone who described himself as a security "manager" at Conrad Los Angeles verbally abused me in that manner, speaking of inflicting physical harm on me with such graphic detail while describing himself as the perpetrator. My education and religious teachings tell me that people who speak of causing harm, while speaking in the first person--as though they are the perpetrator of the harm-- eventually cause the harm of which they speak unless they are definitively deterred. The fact that O'Connor specifically said he was speaking to me while standing beneath the tree to prevent the security camera from seeing his face is beyond disturbing. And, it is my belief that the only reason O'Connor failed to carry out his threats to "beat the fuck" out of me is because I was standing in front of the security camera.

**WHAT I WOULD LIKE YOU TO DO**
I would like you to review the security footage, O'Connor's body cam and/or microphone recordings and perform an investigation of what occurred and prevent recurrence. I am concerned that if you do not immediately discipline and deter O'Connor, there could be serious injury or loss of life to me and others.

I have no desire to receive any communication on this matter whatsoever, nor am interested in the outcome of any investigation or discipline.


Jehan Semper / Complaint Against Security Employee                3 of 4

I am Jewish. I have a religious obligation to report the incident to those who can prevent harm. That is the sole purpose of this complaint.

I told you.

ה‎ל

/s/ Jehan Semper

Jehan Semper / Complaint Against Security Employee            4 of 4

Jehan Semper
PO Box 86514 Los Angeles, CA 90086
jehan.semper@gmail.com
929.266.5764

3/20/2026

**26STCV08826** / *Semper v Hilton Worldwide Holdings, Inc., et al*

TO ALL DEFENDANTS: **PLAINTIFF'S NOTICE OF SERVICE OF DISCOVERY**

1.    Plaintiff Jehan Semper hereby serves the following discovery requests concurrently with the Summons and Complaint:

    (a)    Special Interrogatories, First 3/20/2026

    (b)    Requests for Production of Documents, First 3/20/2026

    (c)    Requests for Admission, First 3/20/2026

2.    Plaintiff asserts that responsive documents, including surveillance footage and incident reports, are at risk of loss or destruction, and therefore immediate preservation and identification is required.

3.    All responses must be provided electronically, by email to Plaintiff or by Plaintiff accessible download.

4.    Defendants are requested to preserve all responsive materials.

/s/ Jehan Semper
Plaintiff, Pro Se
3/20/2026

Jehan Semper
PO Box 86514 Los Angeles, CA 90086
jehan.semper@gmail.com
929.266.5764

3/20/2026

**26STCV08826 / *Semper v Hilton Worldwide Holdings, Inc., et al***

TO ALL DEFENDANTS: **FORMAL DEMAND FOR PRESERVATION OF EVIDENCE**

1.   You are hereby placed on immediate notice to preserve all documents, electronically stored information, and tangible materials relating to:

   (a)   the March 7, 2025 incident

   (b)   Plaintiff Jehan Semper

   (c)   security operations at or near 100 S Grand Ave

2.   This includes, but is not limited to:

   (a)   surveillance video footage including ALL angles, ALL cameras

   (b)   recordings from devices positioned upon the body including audio and video

   (c)   security logs and incident reports

   (d)   emails, texts, internal communications

   (e)   personnel records for Brian O'Connor

   (f)   contracts between property owners and security providers

3.   This demand includes any data stored on:

   (a)   servers

   (b)   cloud systems

   (c)   personal devices used for business purposes

4.   You are specifically instructed to suspend any routine deletion, overwriting and deletion policies.

5.   Failure to preserve such evidence will constitute spoliation and may result in sanctions, adverse inference instructions, and additional liability.

/s/ Jehan Semper
Plaintiff, Pro Se
3/20/2026

26STCV08826 *Semper v Hilton Worldwide Holdings, Inc., et al*
**FORMAL DEMAND FOR PRESERVATION OF EVIDENCE**
                                                                    1 of 1

Jehan Semper
PO Box 86514 Los Angeles, CA 90086
jehan.semper@gmail.com
929.266.5764

**26STCV08826** / *Semper v Hilton Worldwide Holdings, Inc., et al*

**TO DEFENDANT(S):** Allied Universal Security Services Universal Protection Service LPP; Inter-Con Security Systems, Inc.; Gardaworld Security Services Management Company, Inc.; Gardaworld Security Services Of California, Inc.

INSTRUCTIONS: All questions and requests refer to operations and functions at your principal place of business, usual place of business and the incident location at 100 S Grand Ave.

1.    **SPECIAL INTERROGATORIES, FIRST 3/20/2026**

SI_S 1
Identify O'Connor's employer.

SI_S 2
State O'Connor's job title, duties, and assignment location.

SI_S 3
Identify O'Connor's supervisor(s).

SI_S 4
Describe all training, including security personnel licensing, provided to O'Connor.

SI_S 5
Identify all complaints against O'Connor.

SI_S 6
Describe policies governing:
          (a)   use of force
          (b)   verbal interaction
          (c)   de-escalation

SI_S 7
State all facts supporting that O'Connor acted outside scope of employment.

SI_S 8
Identify all incident reports authored by O'Connor.

SI_S 9
Identify all recording devices utilized by O'Connor which may have recorded the 3/7/2025 incident including, but not limited to, audio and video recording devices positioned upon the body.

SI_S 10
Describe retention policies for audio and video recording devices positioned upon the body and reports written by security personnel.

**2.    REQUESTS FOR PRODUCTION, FIRST 3/20/2026**

RFP_S 1
Personnel file of Brian O'Connor.

RFP_S 2
All training, including licensing, records.

RFP_S 3
All audio recordings of O'Connor's 3/7/2025 tour of duty.

RFP_S 4
All bodycam footage of O'Connor's 3/7/2025 tour of duty.

RFP_S 5
All incident reports of O'Connor's 3/7/2025 tour of duty.

RFP_S 6
All complaints against O'Connor.

RFP_S 7
All policies governing conduct.

RFP_S 8
All communications with other defendants in this case.

RFP_S 9

All contracts with other defendants in this case.

RFP_S 10

All communications with the entities responsible for the operation and management of 100 S Grand Ave.

RFP_S 11

All contracts with the entities responsible for the operation and management of 100 S Grand Ave.

RFP_S 12

All disciplinary records mentioning O'Connor.

RFP_S 13

All contracts assigning personnel to 100 S Grand Ave.

RFP_S 14

All documents relating to evidence preservation.

## 3.    REQUESTS FOR ADMISSION, FIRST 3/20/2026

RFA_S 1    Admit O'Connor was your employee or agent.

RFA_S 2    Admit he was on duty 3/7/2025.

RFA_S 3    Admit he interacted with Plaintiff.

RFA_S 4    Admit he used profanity.

RFA_S 5    Admit he made threats.

RFA_S 6    Admit such conduct violates policy.

RFA_S 7    Admit you had responsibility and duty to train him.

RFA_S 8    Admit failure to supervise creates risk of liability.

26STCV08826 *Semper v Hilton Worldwide Holdings, Inc., et al*          1 of 3
**SPECIAL INTERROGATORIES, REQUESTS FOR PRODUCTION, REQUESTS FOR ADMISSION**
Allied Universal Security Services Universal Protection Service LPP; Inter-Con Security Systems, Inc.; Gardaworld Security Services Management Company, Inc.; Gardaworld Security Services Of California, Inc.